**William Jeffery CLEMENTS,**
Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 2005–CA–000556–MR.

Court of Appeals of Kentucky.

Aug. 4, 2006.

As Modified Sept. 22, 2006.

James K. Falk, Seiller Handmaker, LLC, Louisville, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Bryan D. Morrow, Assistant Attorney General, Office of the Attorney General, Frankfort, KY, for appellee.

Before JOHNSON and TAYLOR, Judges; HUDDLESTON,[1] Senior Judge.

*OPINION*

HUDDLESTON, Senior Judge.

On June 3, 1989, William Jeffery Clements and a high school friend broke into the home of one of Clements' neighbors in Jefferson County, and stole, amongst other things, a beer mug, a radar detector, a stereo, a University of Louisville parking permit and a bottle of Jim Beam bourbon. The young men's ill-gotten goods were valued at approximately $755.00. Clements and his friend were quickly arrested and charged with burglary in the second degree, a Class C felony, and theft by unlawful taking over $100.00, a Class D felony. At the time, Clements was eighteen years old.

Clements eventually entered a guilty plea to the felony theft charge, and, in exchange for his plea, the Commonwealth agreed to dismiss the burglary charge, to recommend a three-year sentence and to not object to probation. On January 3, 1990, Jefferson Circuit Court sentenced Clements to three years' imprisonment but placed him on probation for five years.

To his credit, Clements successfully completed his probation and turned his life

---

1. Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

around. He eventually attended Marquette University in Milwaukee, Wisconsin, and graduated with a bachelor of art's degree in economics. Since then, Clements has worked continuously in the mortgage banking business.

In November 2004, Clements filed a motion with Jefferson Circuit Court seeking to have his felony conviction expunged. According to Clements, he applied for a higher-paying job with a new company, and, in the application, disclosed his prior conviction. The company did not hire Clements, apparently because of his earlier conviction. Clements argued to the circuit court that his felony conviction has placed an artificial ceiling on his employment opportunities. While he recognized that Kentucky has no statute authorizing expungement of felony convictions, he contended that it would be fair and equitable for the circuit court to do so. In the alternative, Clements suggested that it would be equitable for the court to give him the benefit of pretrial diversion as set forth in Kentucky Revised Statutes (KRS) 533.250 and set aside his felony conviction as "dismissed-diverted".[2] The circuit court denied Clements' motion simply stating that it lacked the authority to grant it. Clements now seeks relief from this Court.

In 1998, the General Assembly enacted KRS 533.250 through KRS 533.262 which established pretrial diversion and set forth the criteria and procedure for its use. Pretrial diversion allows an individual charged with certain Class D felonies who meets the statutory criteria to enter a guilty plea and be placed in a pretrial diversion program. If the individual successfully completes pretrial diversion, then his felony charge will be "dismissed-divert-ed". In essence, the record of the individual's felony conviction is expunged.

■ Clements acknowledges that he committed the offenses with which he was charged well before the General Assembly created pretrial diversion and acknowledges that the legislature did not make the statute retroactive. But, he argues, had he committed the crimes after 1998, he would have been eligible for pretrial diversion. According to Clements, he would have successfully completed diversion as demonstrated by the fact that he successfully completed probation. He points out that the legislature created pretrial diversion to give certain individuals charged with felonies, like him, a second chance. He believes that he deserves that same second chance and that he should receive the benefit of pretrial diversion. In the alternative, Clements argues that the circuit court had the inherent power to expunge his felony conviction.

■ We are told that the company which refused to hire Clements only checked his criminal record for the previous seven years and would not have discovered his felony conviction had he not disclosed it. Had Clements concealed his conviction, the company may well have hired him. Clements' actions speak well of him, and we commend him for his honesty and for the exemplary life he has lead since his conviction. However, KRS 533.250, which established pretrial diversion in 1998, does not apply to Clements since he pled guilty well before the statute was enacted and because the General Assembly did not make the statutes establishing pretrial diversion retroactive.[3] Moreover, we decline to adopt Clements' notion that circuit courts have the inherent power to expunge felony convictions since, in this Commonwealth, circuit courts only

---

**2.** A term found in Ky.Rev.Stat. (KRS) 533.258.

**3.** KRS 446.080(3) provides that "no statute shall be construed to be retroactive unless expressly so declared."

have the power to expunge certain criminal charges that have been dismissed and certain misdemeanor convictions. This power is derived from two statutes, KRS 431.076 and KRS 431.078. Neither statute applies to Clements. So we must agree with the circuit court that it lacked the authority to expunge Clements' felony conviction.

The order denying Clements' motion to expunge his conviction is affirmed.

JOHNSON, Judge, concurs.

TAYLOR, Judge, dissents.